UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAN DOUGLAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV971 CDP |
| | ) | |
| GLAXOSMITHKLINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs Dan Douglas and Sherly Mass initially filed this case in Missouri state court. Defendant GlaxoSmithKline, LLC removed the case to this Court asserting diversity jurisdiction, even though plaintiff Dan Douglas and defendant are citizens of the same state. Defendant argues that the Court should disregard Douglas' citizenship as his claim has been "fraudulently misjoined" with Mass's claim to avoid diversity jurisdiction. Plaintiffs move to remand. For the reasons stated below, I find that Douglas' citizenship should not be disregarded, so complete diversity does not exist. I will grant plaintiffs' motion to remand.

GlaxoSmithKline develops, markets, and sells pharmaceuticals, including the diabetes drug Avandia. Plaintiffs Douglas and Mass took Avandia and allege that they have suffered injuries to their cardiovascular systems as a result. Mass is

a citizen of Missouri. Douglas and GlaxoSmithKline are citizens of Delaware.

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions when a matter in controversy . . . is between (1) citizens of different states." "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (internal quotations omitted). The party asserting diversity jurisdiction bears the burden of establishing diversity by a preponderance of the evidence. *In re Prempro*, 591 F.3d at 620. "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." *Transit Cas. Co v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Although GlaxoSmithKline and Douglas are not diverse, defendant nonetheless argues that this Court has jurisdiction because plaintiff Douglas has been "fraudulently misjoined." "Fraudulent misjoinder" purportedly occurs when, in order to defeat diversity jurisdiction, a plaintiff joins its claims with those of a non-diverse plaintiff who has a legitimate, but unrelated, claim against the same defendant. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.

1996). Under this doctrine, if the two plaintiffs' claims are not sufficiently related to one another, some courts will not consider the non-diverse plaintiff's citizenship when determining jurisdiction. *See id.*

In *Tapscott* the Eleventh Circuit found that a group of plaintiffs had been fraudulently misjoined when their claims for fraud arising from the sale of service contracts for retail products were joined with the claims of other plaintiffs who were asserting claims of fraud arising from the sale of automobile service contracts, thereby destroying diversity. *See id.* The court found that although both groups of plaintiffs had legitimate claims against at least one of the named defendants, the nature of the two groups' claims were not sufficiently related to support joinder of the claims in a single case. *Id.* As a result, plaintiffs' fraudulent misjoinder did not destroy federal diversity jurisdiction. *Id.*

The Eighth Circuit has explicitly declined to adopt or reject the doctrine of fraudulent misjoinder. *See In re Prempro*, 591 F.3d at 622 ("We make no judgment on the propriety of the doctrine in this case."). The court in *Prempro* was able to avoid expressing its opinion on the validity of the doctrine by noting that the facts in *Prempro* would not trigger the doctrine, even if the Circuit had adopted it. *Id.* In *Prempro*, a group of plaintiffs brought suit against several different pharmaceutical companies for injuries allegedly caused by the

companies' development, marketing, and sale of similar, but distinct, hormone replacement drugs. *Id.* The court found that the joinder was not so egregious as to constitute fraudulent misjoinder and ordered the district court to remand the case.[1] *Id.* at 624.

Similarly, in this case, there is no need to express an opinion on the validity of the doctrine of fraudulent misjoinder. The facts remove this case even further from the realm of fraudulent misjoinder than the claims addressed by the Eighth Circuit in *Prempro*. The plaintiffs in this case have both filed suit against the same pharmaceutical manufacturer – GlaxoSmithKline – for injuries caused by the same drug – Avandia – during roughly the same time period – before 2007, when GlaxoSmithKline altered the warning labels on Avandia – and arising out of the same development and sales practices of Avandia by GlaxoSmithKline. Although GlaxoSmithKline notes that plaintiffs were prescribed Avandia in different states by different doctors, the plaintiffs' common claims are sufficiently related to support joinder in this case. As a result, defendant has not met its burden of

---

[1] In *Prempro*, the court distinguished the doctrine of fraudulent misjoinder from the doctrine of fraudulent joinder. *See In re Prempro*, 591 F.3d at 619-21. The doctrine of fraudulent joinder is directed at preventing plaintiffs from suing non-diverse defendants against whom they do not have a legitimate claim in order to defeat diversity jurisdiction. *Id.*

showing that the parties are diverse or that this Court has jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand and request for expedited consideration [#13] is GRANTED and the Clerk of Court shall remand this case to the Missouri Circuit Court for the City of St. Louis from which it was removed.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file plaintiffs' supplemental legal authority [#22] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2010.